***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Phillips. The appealing party has shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of records, the Full Commission reverses the Opinion and Award of Deputy Commissioner Phillips.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The date of the accident is February 26, 2002.
2. The parties are bound by and subject to the provisions of the North Carolina Workers' Compensation Act.
3. As of February 26, 2002 an employment relationship existed between the plaintiff and the defendant-employer.
4. The average weekly wage is $656.38, yielding a compensation rate of $437.58.
5. This is a claim for temporary partial disability benefits, temporary total disability benefits, medical treatment, authorization for medical care.
6. Plaintiff has received treatment from Dr. Robert T. Wyker that was paid for by defendants. In addition, the parties stipulated into evidence the following:
A. All of plaintiff's medical records including notes from Dr. Robert T. Wyker, Raleigh Orthopaedic Rehabilitation Specialists, Dr. Kevin P. Speer, and Rex Healthcare Physical Therapy.
B. All I.C. Forms including without limitation Forms: 19, 21, 25R (7-29-02), 25R (1-21-03), 28, 28T, 28U, 62, and 90.
C. All of plaintiff's work and personnel records from employer-defendant, served under cover of letter to plaintiff's counsel on December 11, 2003.
D. All of plaintiff's responses and materials provided in response to defendants' First Set of Interrogatories and First Requests for Production of Documents.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a 48-year-old graduate of Cosmetology school.
2. The plaintiff began working for defendant in March 1994. Through her years of employment with the defendant, the plaintiff was promoted and eventually became district manager over 12 of defendant's stores. In addition to her managerial duties, plaintiff routinely performed six haircuts per hour and cut hair during a six-hour shift, cutting more hair than her employees.
3. On February 26, 2002, plaintiff contracted an admittedly compensable occupational disease/injury by accident to her left shoulder while working for defendant. Plaintiff had surgery performed on the shoulder in September 2002 by Dr. Robert Wyker, orthopaedic surgeon. Dr. Wyker rated plaintiff with a 5% disability rating notwithstanding the fact that she continued to experience pain. Plaintiff was released to return to work on January 21, 2003.
4. The plaintiff returned to work with defendant-employer but worked in pain and had difficulty completing a full shift. At the hearing before the Deputy Commissioner, plaintiff's co-workers, Emily Lindler and Nikki Jones testified that the plaintiff had been a hard working and a very fast employee and that upon her return to work for defendant, after her work-related injury, she worked in obvious, visible pain and her work capabilities had dwindled.
5. Plaintiff continued to treat with her physical therapist, Claire Little, who stated that the plaintiff continued reporting pain in her left shoulder and that plaintiff did not seem to be getting any better, even after the surgery.
6. Plaintiff continued to work for defendant even though she continued to experience pain. Plaintiff complained of left shoulder pain in February and March of 2003 to Dr. Wyker and of pain in her right hip, a condition for which he had treated plaintiff for a period of time. Dr. Wyker prescribed a cortisone shot and pain medications for both conditions.
7. On May 16, 2003, the plaintiff's pain persisted and Dr. Wyker ordered an MRI for the first time and restricted plaintiff to light duty work with only working a couple of hours a day of actual hair cutting.
8. During May of 2003, the plaintiff continued to experience pain and requested a second opinion with Dr. Kevin Speer, orthopaedic surgeon. Defendants denied plaintiff's request. Dr. Wyker took plaintiff back out of work in June 2003 after her continuing complaints of pain. Plaintiff began receiving temporary total disability benefits in August 2003 back dated to June 26, 2003.
9. The plaintiff filed a Motion with the Executive Secretary of the North Carolina Industrial Commission requesting that Dr. Speer be her authorized treating physician, for surgery to be authorized and for defendant to pay plaintiff for back temporary partial disability benefits for the time period January 21, 2003 to June 26, 2003. The Executive Secretary granted plaintiff's motion, however, the defendant refused to comply and the plaintiff filed a Motion to Show Cause and requested a Show Cause hearing. The defendants subsequently filed a Motion to Reconsider and set aside the Executive Secretary's Order. The Executive Secretary vacated her Order of August 12, 2003. However, the Full Commission finds that the Executive Secretary lacked jurisdiction to Vacate her Order while the Motion to Show Cause was pending and set before a Deputy Commissioner.
10. On May 22, 2003, the plaintiff presented to Dr. Speer for a second opinion. Dr. Speer opined that plaintiff's impingement signs were positive and he also ordered an MRI. Upon Dr. Speer's review of this MRI on June 19, 2003, he completely removed plaintiff from work. Dr. Wyker's physician assistant, also took plaintiff out of work from June 26, 2003 and continuing.
11. Drs. Wyker and Speer both opined that the plaintiff needed additional surgery for her left shoulder notwithstanding the fact that Dr. Wyker opined that the plaintiff could not perform her regular duty job, but probably could perform light duty deskwork with `no lifting or cutting with her left arm".
12. The plaintiff wanted to have her second surgery performed as soon as possible so that she could return to work quickly. Dr. Speer was able to perform the surgery in July. Therefore, Dr. Speer performed plaintiff's second left shoulder surgery on July 21, 2003 and repaired two tears in her shoulder. Dr. Speer opined that during plaintiff's first shoulder surgery with Dr. Wyker, Dr. Wyker "removed things", but he did not repair anything. Dr. Speer focused on a biceps tendon release, subacromial decompression release and repairing the supraspinatus tendon.
13. The defendants contend that an intervening event caused plaintiff's continued left shoulder pain because plaintiff reported increased pain to Dr. Wyker in early November, 2002 allegedly due to plaintiff's reaching from the front seat of her car into the back seat for a book. However, plaintiff subsequently reported in December 2002 that her shoulder was improving and Dr. Wyker opined her shoulder problems were not serious and that she had probably just aggravated her shoulder. Also, from March 2003 to June 2003, the plaintiff moved in to live with her daughter, son-in-law and two grandchildren. The plaintiff testified at the hearing before the Deputy Commissioner that she babysat her two grandchildren on average for four days a week. The defendants further contend that plaintiff's babysitting for her grandchildren, a toddler and an infant, caused her continuing shoulder pain and that the babysitting was also an intervening event. The record is devoid of any evidence that plaintiff's childcare activities caused her condition, that these activities were outside of any of plaintiff's restrictions or that she injured herself while babysitting. The defendants further contend that these earnings should affect plaintiff's temporary partial disability benefits. However, the Full Commission finds that plaintiff's earnings while babysitting her grandchildren from March 2003 to June 2003 do not constitute wage-earning capacity. The Full Commission finds no evidence of any intervening event that was intentionally caused by the plaintiff, or that caused plaintiff's ongoing left shoulder pain.
14. The competent evidence in the record establishes that the plaintiff's shoulder condition, as repaired by Dr. Speer on July 21, 2003, was present while Dr. Wyker was treating her in 2002 and 2003.
15. Dr. Speer opined that plaintiff was disabled from work as a result of her shoulder injury of February 26, 2002 from June 2003 and continuing.
16. The competent evidence in the record establishes that the plaintiff sustained a deterioration and/or aggravation of her original accepted occupational disease/injury by accident to her shoulder. Consequently, the plaintiff is entitled to temporary partial disability benefits from January 23, 2003 to June 26, 2003 and temporary total disability benefits from June 26, 2003 until she returned to work for defendant in June 2004. Dr. Kevin Speer is authorized to be plaintiff's treating physician.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The plaintiff sustained a deterioration and/or aggravation of her accepted occupational disease/injury by accident to her left shoulder arising out of and in the course and scope of her employment on February 26, 2002. N.C. Gen. Stat. § 97-2(6).
2. As a result of the plaintiff's compensable injury, she is entitled to receive temporary total disability compensation in the amount of $437.58 per week from June 26, 2003 until she returned to work June 2004. Compensation due that has accrued shall be paid in a lump sum. N.C. Gen. Stat. § 97-29.
3. As a result of the plaintiff's compensable injury, she is entitled to receive temporary partial disability compensation from May 16, 2003 until June 26, 2003. Compensation due that has accrued shall be paid in a lump sum. The parties shall determine said amount based upon the defendant's company records. N.C. Gen. Stat. § 97-30.
4. The plaintiff is entitled to have defendants pay for all medical expenses incurred or to be incurred as a result of his injuries by accident of February 26, 2002, including treatment by Dr. Speer, for so long as such examinations, evaluations and treatments may reasonably be requested to effect a cure, or give relief and will tend to lessen plaintiff's disability. Dr. Speer is authorized to be plaintiff's treating physician. N.C. Gen. Stat. §§ 97-25; 97-2(19).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney fee herein approved, defendants shall pay to plaintiff temporary total disability compensation in the amount of $437.58 per week from June 26, 2003 until she returned to work in June 2004. Compensation due that has accrued shall be paid in a lump sum.
2. Subject to a reasonable attorney fee herein approved, defendants shall pay to plaintiff temporary partial disability compensation from May 16, 2003 until June 26, 2003. Compensation due that has accrued shall be paid in a lump sum. The parties shall determine said amount based upon defendant's company records.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of her compensable injury on February 26, 2002, including treatment by Dr. Speer, for so long as such examinations, evaluations and treatment may be reasonably necessary to affect a cure, give relief or lessen plaintiff's period of disability. Dr. Speer is authorized to be plaintiff's treating physician.
4. As plaintiff has not reached maximum medical improvement, this Opinion does not address this issue. However, in the event the parties are unable to agree on the amount of permanent partial disability, if any, which may be due plaintiff, either party may request a hearing from the Commission to resolve this issue.
5. A reasonable attorney's fee of twenty-five percent (25%) of the lump sum compensation awarded plaintiff in Paragraph 1 and 2 of this AWARD is approved for plaintiff's counsel and shall be deducted from those amounts and payable directly to plaintiff's counsel.
6. Defendants shall pay the costs.
This the ___ day of January 2005.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
PTY:db